UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRACTIONAL VILLAS, INC.,<br><br>         Plaintiff,<br>vs.<br><br>REFLECTIONS, et al.,<br><br>         Defendant. | CASE NO. 08CV1423 DMS (AJB)<br><br>**ORDER GRANTING DEFENDANT CHRISTOPHER H. ZOCKOLL'S MOTION TO SET ASIDE DEFAULT**<br><br>[Doc. 14] |

  Presently before the Court is Defendant Christopher H. Zockoll's Motion to Set Aside Default. For the following reasons, the motion is granted.

**I.**

**BACKGROUND**

  On August 5, 2008, Plaintiff Fractional Villas filed a lawsuit against Defendants Reflections, Reflections Private Residence Club, LLC, and Christopher H. Zockoll ("Zockoll" or "Defendant"), alleging claims of copyright infringement, unfair competition, and intentional interference with contract and prospective economic advantage. (Pl. Comp. at 1.) Plaintiff alleges Zockoll is the President of Reflections and is liable for the acts of the corporate Defendants based on alter ego and vicarious liability theories. (*Id*. at ¶ 5-8.)

  On September 15, 2008, the clerk entered default against all three Defendants. (Docs. 9-11.) Zockoll attempted to file a motion to dismiss on October 14, 2008 but this was rejected by the Court

1  because the default had already been entered. (Doc. 12.) Plaintiff has not yet filed a motion for default
2  judgment. Zockoll filed the instant motion on June 24, 2009, seeking to set aside the default under
3  Fed. R. Civ. Pro. 55(c). (Doc. 14.) On October 9, 2009, after several continuances, Plaintiff filed an
4  opposition to the motion. (Doc. 21.) Zockoll did not file a reply.

## II.

## DISCUSSION

Entry of default can be set aside for good cause. Fed. R. Civ. Pro. 55(c). The court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001); *Franchise Holding II, LLC, v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court can deny the motion if any of the three factors are met. *Id.* (citing *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

The defaulting party bears the burden of showing the default should be set aside. *Id*. Motions to set aside default should be liberally construed and decisions on the merits are preferred over default judgments. *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 (9th Cir. 1974). A court's discretion to set aside a default is "especially broad" where no default judgment has been entered. *O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

*A. Culpability*

Defendant admits that he did not file his motion to dismiss prior to the clerk entering default against him. (Def. Mem. P. & A. at 4.) Nonetheless, Defendant argues he did not engage in culpable conduct because he attempted to defend the action. (*Id*.) Defendant, acting in pro se, filed a motion to dismiss less than thirty days after the default was entered. (*Id*.) When Defendant received the returned motion stamped "rejected," he believed it meant the Court had decided his motion on the merits and denied the motion to dismiss. (*Id*.) Defendant did not discover until April 2009 that "rejected" meant the Court had not considered the merits of his motion to dismiss and he promptly filed the instant motion.. (*Id*.)

Plaintiff argues Defendant was culpable because he waited over nine months from the entry

of default and over two months from the time he discovered the meaning of "rejected" to file the motion to set aside the default. (Pl. Opp. at 3.)  Further, Plaintiff argues the delay is inexcusable because Defendant was receiving legal advice. (*Id.*)

Defendant offers good faith reasons for his failure to answer.  For example, he asserts that he believed the Court lacked jurisdiction over him and that his motion to dismiss was denied.  (Zockoll Decl.)  He also points out that he attempted to file a motion to dismiss.  (*Id.*)  A defendant's actions may be culpable where he or she acts "with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.  Since there is no such evidence in this case, the Court finds that Defendant's actions were not culpable.

*B. Meritorious Defense*

Defendant argues he has two meritorious defenses to the case: (1) this Court lacks personal jurisdiction over him; and (2) Defendant is not liable for the acts of a corporation.  (Zockoll Decl.)  Plaintiff argues that Zockoll has minimum contacts with California, that he was doing business in San Diego, and that Zockoll will be liable for the acts of the corporation on alter ego and/or vicarious liability theories.  (Pl. Opp. at 4.)

A party seeking to vacate entry of default must allege specific facts that would constitute a defense, but the burden is not extraordinarily heavy.  *TCI Group*, 244 F.3d at 700.  Here, Zockoll alleges lack of personal jurisdiction because he is a resident of Nevada and he does not do business in California.  In effect, Defendant alleges he does not have sufficient minimum contacts with California to justify this Court's exercise of personal jurisdiction.  Defendant has set forth sufficient facts to present his defense.

*C. Prejudice*

Defendant argues Plaintiff will not be prejudiced if the default is set aside because default judgment has not yet been entered. (Def. Mem. P. & A. at 6.)  Plaintiff argues it will suffer prejudice because it has expended considerable time and expense in preparing the motion for default judgment.  Plaintiff further argues that its ability to prosecute the action may suffer from the substantial amount of time that has passed and that it may delay default judgment against the other defaulted Defendants.

The Court finds that any prejudice to Plaintiff is minimal since default judgment has not yet

been entered. Further, Plaintiff failed to move for default judgment in the nine months between receiving entry of default and Defendant's filing of the instant motion, which negates its claims of prejudice due to delay.

## III.

## CONCLUSION

For the reasons stated above, the Defendant's motion is granted.

**IT IS SO ORDERED.**

DATED: December 8, 2009

_____
HON. DANA M. SABRAW
United States District Judge