**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRACTIONAL VILLAS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> REFLECTIONS, et al., <br><br> Defendant. | CASE NO. 08CV1423 DMS (AJB) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHRISTOPHER H. ZOCKOLL'S MOTION TO DISMISS** <br><br> [Doc. 25] |

Presently before the Court is Defendant Christopher H. Zockoll's Motion to Dismiss for lack of personal jurisdiction. For the following reasons, the motion is granted in part and denied in part.

**I.**

**BACKGROUND**

Plaintiff Fractional Villas is in the business of marketing, advertising, and selling fractional ownership interests in luxury properties. (Compl., ¶ 2.) In October 2007, Plaintiff entered into negotiations with William Clapperton, managing partner of Aqua Surf LLC, regarding development and marketing of real property located at 2663 Ocean Front Walk #3, San Diego, California. (*Id.* at ¶ 34.) In November 2007, Plaintiff entered into a consulting agreement with Aqua Surf regarding the property, a broker agreement with William Clapperton, Clapperton Coastal Properties, and Chris Love, and several non-disclosure agreements to protect Plaintiff's confidential information. (*Id.* at ¶¶ 34-38.)

Plaintiff alleges that Defendants Reflections, Reflections Private Residence Club, LLC, and Christopher H. Zockoll intentionally interfered with Plaintiff's business dealings and induced Mr. Clapperton and Aqua Surf to breach their agreements with Plaintiff. (*Id.* at ¶¶ 34-48.) The property was ultimately sold and Defendants received consulting fees and/or commissions. (*Id.* at ¶ 45.)

Plaintiff further alleges that it owns a copyright on certain content used on its website, www.fractionalvillas.com, and that it has a copyrighted "Reservation Agreement" which it uses in transactions involving fractional ownership interest of luxury properties. (*Id.* at ¶¶ 15, 26-27.) Plaintiff alleges that Defendants infringed the copyright on its website, www.time2reflect.com, and that Defendants used significant portions of the Reservation Agreement in its own transactions. (*Id.* at ¶¶ 23, 30.)

Defendant Zockoll is a resident of Nevada and Defendants Reflections and Reflections Private Residence are Nevada entities. (*Id.* at ¶¶ 3-5.) Zockoll is president of Reflections. (*Id.* at ¶ 5.) Plaintiff alleges that Reflections and Reflections Private Residence conduct business in California and that each Defendant was the agent or alter ego of the other Defendants. (*Id.* at ¶¶ 3-4, 8.) Plaintiff alleges that personal jurisdiction is proper because Defendants purposefully directed activities in the Southern District of California. (*Id.* at ¶¶ 9-13.)

Plaintiff filed suit on August 5, 2008, alleging claims of copyright infringement, unfair competition, and intentional interference with contract and prospective economic advantage. On September 15, 2008, the clerk entered default against all three Defendants. (Docs. 9-11.) On June 24, 2009, Defendant Zockoll filed a motion to set aside the default, which this Court granted on December 8, 2009. (Docs. 14 & 23.) Zockoll filed the present motion to dismiss on January 12, 2010. (Doc. 25.) Plaintiff filed an opposition. (Doc. 26.) Zockoll did not file a reply.

## II.

## LEGAL STANDARD

Defendant moves for dismissal of Plaintiff's Complaint for lack of personal jurisdiction.[1] On a motion to dismiss, the plaintiff bears the burden to demonstrate the court has personal jurisdiction

---

[1] Defendant also seeks dismissal under Rule 12(b)(6) for failure to state a claim, but does so by arguing that the Court lacks personal jurisdiction over Defendant. Accordingly, the Court addresses only the personal jurisdiction issue.

over the defendant. *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009.) In the absence of an evidentiary hearing, the plaintiff need only make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).). Any uncontroverted allegations in the plaintiff's complaint are taken as true, and any factual conflicts are resolved in the plaintiff's favor. *Id.*

Personal jurisdiction can be established over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Because the California jurisdictional "long-arm" statute permits the exercise of jurisdiction to the full extent permitted by the United States Constitution, the state and federal limits are co-extensive. *See* Cal. Civ. Proc. Code § 410.10. Thus, the singular issue is whether the Court's exercise of jurisdiction violates our Constitutional principles of due process. *Haisten v. Grass Valley Med. Reimb. Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986).

There is a three-prong test to determine whether a party has sufficient minimum contacts with the forum to establish specific personal jurisdiction:[2]

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Brayton Purcell*, 575 F.3d at 985 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

When a court evaluates specific jurisdiction for multiple defendants, "each defendant's contacts with the forum State must be assessed individually," regardless of any relationship shared amongst the defendants. *Calder v. Jones*, 465 U.S. 783, 790 (1984). In cases where defendants may include a

---

[2] Plaintiff does not argue that Zockoll is subject to general personal jurisdiction, and it does not appear that the Court would be able to exercise general personal jurisdiction over Defendant. Although Plaintiff alleges that Defendant once owned property in California, the property was sold in May 2006, and is therefore insufficient for establishing jurisdiction.

corporation, as well as its employees or directors, those "who act in their official capacity are [not] somehow shielded from suit in their individual capacity. But jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n.13 (1984). However, the Ninth Circuit has drawn a crucial distinction, declaring that "the corporate form may be ignored in cases in which the corporation is the agent or alter ego of the individual defendant, or where there is an identity of interests between the corporation and the individuals." *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 520-21 (9th Cir. 1989) (internal citation omitted).

### III.

### DISCUSSION

Defendant argues the Court lacks personal jurisdiction because he resides in Nevada and does not conduct business in California. Defendant contends that his website is an insufficient basis to establish personal jurisdiction. Plaintiff argues that the requirements for personal jurisdiction are met because the Complaint alleges that Defendants, including Zockoll, induced a third party to breach an agreement regarding the sale of property in San Diego. Plaintiff further contends that Zockoll was an owner of property in San Diego, that Zockoll conducted a seminar in San Diego to promote his fractional consulting services, and Zockoll contacted William Clapperton regarding Zockoll's consulting services. (Savoia Decl. ¶¶ 4-6.)

Initially, although the allegations in the Complaint are directed to "Defendants" as a whole, and not to Zockoll individually, Plaintiff alleges that Zockoll is the President of Reflections, is the alter ego of two entities which own Reflections Private Residence Club, and that each Defendant is the alter ego of the other Defendants. (Compl. at ¶¶ 5-8.) Thus, taking these allegations as true, the Court "disregard[s] the corporate form for jurisdictional purposes" and treats Defendants Reflections, Reflections Private Residence Club, and Zockoll as one and the same. *Davis*, 885 F.2d at 520.

**A.     Purposeful Direction**

A defendant will satisfy the purposeful direction prong if he or she "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Brayton Purcell*, 575 F.3d at 986. (citations omitted).

1    An intentional act simply requires "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result of consequence of that act." *Id.* Here, Plaintiff alleges an intentional act in that Defendants contacted Mr. Clapperton and induced him to breach the agreements with Plaintiff. (Compl. at ¶ 39-42.) Thus, this element is met.

The defendant's conduct must be expressly aimed at the forum. *Brayton Purcell*, 575 F.3d at 986. Defendant is correct in noting that maintenance of a passive website is insufficient to satisfy the express aiming prong. *Id.* Here, however, the allegations go beyond Defendant's website; Plaintiff alleges that Defendant reached out to a property owner in California to solicit business. It is this conduct, directly targeted at the forum, which satisfies the express aiming prong.

Finally, it must be foreseeable that Plaintiff would be harmed and that the harm would be suffered in the forum. *Id.* at 988. Here, Plaintiff alleges that William Clapperton informed Defendants of Plaintiff's business interests in the property in San Diego and yet Defendants induced Mr. Clapperton to breach the contracts with Plaintiff. (Compl. at ¶¶ 90-92.) Thus, it was foreseeable that Plaintiff would suffer adverse effects in San Diego as a result of Defendant's acts.

Accordingly, the purposeful direction prong is satisfied.

**B.     Arising Out Of**

In the Ninth Circuit, courts rely on the "but for" test to determine whether a particular claim arises out of a defendant's forum-related activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Thus, Plaintiff must show that "but for" Defendant's contacts with the forum, Plaintiff would not have suffered an injury.

Claim 1 of Plaintiff's complaint is for copyright infringement of Copyright No. TX-6-613-055, which is a copyright for Plaintiff's website, www.fractionalvillas.com ("Website Copyright"). (Compl. at ¶¶ 15, 49-54.) This claim alleges that Defendants used Plaintiff's copyrighted material on Defendants' website. (*Id.* at ¶ 51.) There are no allegations that tie this claim to Defendant's contacts in California. Plaintiff makes no showing that Defendants' website alone is sufficient to establish personal jurisdiction over Defendant in California. Accordingly, Claim 1 does not arise out of Plaintiff's contacts with the forum.

Claim 2 is for infringement of Copyright No. TX-6-834-962, which is for a "Priority Purchaser

Reservation Agreement" ("Reservation Agreement"). (*Id.* at ¶¶ 26, 55-60.) Plaintiff alleges that Defendants have used significant portions of Plaintiff's copyrighted material in their own transactions involving fractional ownership of luxury properties. (*Id.* at ¶ 30.) Plaintiff alleges that Defendants obtained this copyrighted material by inducing Clapperton to breach the non-disclosure agreement with Plaintiff and providing Plaintiff's confidential material to Defendants. (*Id.* at ¶¶ 41-43.) Therefore, but for Defendant's contact with Clapperton, Defendant would not have obtained Plaintiff's copyrighted material. Accordingly, this claim arises out of Defendant's contacts with the forum.

Claim 3 is for unfair competition based on Defendants' infringing use of the Reservation Agreement. Claim 4 is for unfair competition based on both the Website Copyright and the Reservation Agreement. Since both claims rely on infringement of the Reservation Agreement, both claims arise out of Defendant's contacts with the forum.

Claims 5 and 6 are for intentional interference with contract and intentional interference with economic relationship. These claims rely directly on Defendant reaching out to William Clapperton and inducing the breach of Plaintiff's contracts. Accordingly, the claims arise out of Defendant's contact with the forum.

**C.   Reasonableness**

"Where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985). In the Ninth Circuit, the reasonableness of an assertion of personal jurisdiction over a nonresident defendant is determined by balancing the following seven factors:

(1) The extent of purposeful interjection into the forum state;
(2) The burden on the defendant of defending in the forum;
(3) The extent of conflict with the sovereignty of defendant's state;
(4) The forum state's interest in adjudicating the dispute;
(5) The most efficient judicial resolution of the controversy;
(6) The importance of the forum to plaintiff's interest in convenient and effective relief;
(7) The existence of an alternative forum.

*Fed. Deposit Ins. Corp. v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). Because the Court has found that Defendants "purposefully directed [their] activities to California, personal

1  jurisdiction is presumptively reasonable" and Defendants bear the burden of proving unreasonableness.
2  *Sher v. Johnson*, 911 F.2d 1357, 1364 (9th Cir. 1990).
3      Here, Defendant has not argued that exercise of personal jurisdiction would be unreasonable,
4  except to the extent he argues that he lacks minimum contacts with California.  Thus, Defendant has
5  not rebutted the presumption of reasonableness.
6      Accordingly, the Court finds that there is specific personal jurisdiction over Defendant Zockoll
7  with respect to Claims 2-6 of Plaintiff's complaint.

### IV.
### CONCLUSION

10      For the reasons stated above, Defendant's motion is granted in part and denied in part.  The
11  motion is granted as to Claim 1.  The motion is denied as to Claims 2-6.
12  **IT IS SO ORDERED.**
13  DATED:  April 19, 2010

_____
HON. DANA M. SABRAW
United States District Judge